■ PAUL J. KERN, Appellant-Respondent, v. NEWS SYNDICATE CO., INC., Respondent-Appellant.— Since there is an apparent ambiguity the order appealed from is modified in the exercise of discretion to the extent hereinafter indicated, and as so modified is otherwise affirmed, without costs to either party. All of the language of paragraph fourteenth of the amended answer is stricken except the following: "In July, 1949, plaintiff sponsored and attended the Bill of Rights Conference. During the course of said conference plaintiff spoke in criticism of the Federal Bureau of Investigation and of alleged denials of Civil rights to Communists." Special Term correctly indicated that "it is immaterial and prejudicial" as to what others did. Settle order. Concur — Breitel, J. P., Rabin, Valente, McNally and Stevens, JJ.

■ ROBERT S. COLES, Respondent, v. HOTEL-ON-THE-CAY, INC., Appellant. — Orders denying applications to vacate service of process are unanimously reversed on the law, with costs to appellant, and the motions are granted to the extent of remitting the matter to Special Term to take testimony as to whether: (1) appellant is doing business within the State of New York, so as to be amenable to process, and (2) as to whether the person served was one upon whom service could legally be made within the meaning of section 229 of the Civil Practice Act. While the attorney appearing specially for defendant termed his original motion as one under rule 107 of the Rules of Civil Practice, it was quite obvious that the subject of his application was relief under section 237-a of the Civil Practice Act in that objection was being made to the court's jurisdiction over the person of defendant. Special Term on the renewal motion expressly recognized defendant's application as one under section 237-a. As such, substantial issues are raised as to defendant's amenability to process and as to the propriety of the service under section 229 of the Civil Practice Act. A hearing should be held at Special Term pursuant to section 237-a (subd. 3, par. [a]) of the Civil Practice Act, to determine those issues. Settle orders. Concur — Breitel, J. P., Rabin, Valente, McNally and Stevens, JJ.